S05Y1838. IN THE MATTER OF JOHN CLARK WHATLEY VI.
(621 SE2d 732)

PER CURIAM.
This disciplinary matter is before the Court pursuant to the Notice of Discipline filed by the State Bar alleging that John Clark Whatley VI violated Rules 1.15, 5.3, 5.4 and 5.5 of the Rules of Professional Conduct found in Bar Rule 4-102 (d). The maximum sanction for a violation of Rules 1.15, 5.3 and 5.4 is disbarment.

According to the facts set forth in the Notice of Discipline, which was not timely rejected by the Respondent, a client hired Whatley's law firm in September 2000 to represent her in a Chapter 13 bankruptcy matter. Whatley, who had been admitted to the State Bar of Georgia in 1977, filed the Chapter 13 case in November 2000 at a time when the client owed a mortgage arrearage of more than $3,000. Although the client paid Whatley's firm $4,350 with the understanding that most of that money would go toward her mortgage arrearage, Whatley did not remit the amount the client paid for the mortgage arrearage. In January 2004, the bankruptcy court issued an order requiring the client to satisfy the arrearage and setting out a payment plan, but Whatley did not advise the client of the order. When

the client defaulted on the payment plan, the mortgage company notified Whatley's client directly that it had obtained an order lifting the bankruptcy stay. The client then filed a grievance against Whatley and hired another attorney to file an emergency motion to re-impose the stay. After the client explained her situation to the bankruptcy court, it held a show cause hearing for Whatley to appear and account for the funds he had collected on the client's behalf. In the order entered after the show cause hearing, the bankruptcy court found that Whatley could not account for $1,600 of the funds and ordered him to refund that amount to the client and to pay attorney fees. The bankruptcy court also found, not only that Whatley had violated Bar Rule 1.15, but that reason existed to believe he had violated other Bar Rules as well.

Although Whatley acknowledged service of the State Bar's Notice of Investigation, he failed to respond within 30 days as required by Bar Rule 4-204.3 (a) and therefore he was suspended pursuant to Bar Rule 4-204.3 (d). Then, in April of 2005, Whatley submitted a letter in response to the Notice of Investigation, in which he contended that he had established the law firm of John C. Whatley & Associates P.C. in December 1997, together with and at the urging of a law school graduate who never passed the Bar exam, but who had worked for several law firms doing bankruptcy paperwork. According to Whatley this other man was responsible for setting up the firm, taking client calls, interviewing clients, opening and maintaining the bank accounts, controlling incoming mail, maintaining client files, and conducting the business of the firm. Under the agreement Whatley was only required to complete the bankruptcy filings and appear in court as needed. Initially, the man paid Whatley, who maintained a full time job elsewhere, a flat fee of $100 per bankruptcy case filed through the firm but later the two worked out a deal where he paid Whatley a flat fee of $1,500 per month. The law firm operated in this manner until 2004 when the man allegedly began telling Whatley that the firm was suffering from a lack of business. In May 2004, after leaving Whatley a voice mail message telling Whatley that he had decided to close the law firm, the man allegedly converted the firm's operating and other bank accounts for his own benefit. Whatley asserts that the man stole not only the client's funds, but also funds paid to the law firm for submission to the bankruptcy court in eight other matters. Whatley asserts that he has filed a lawsuit against the man and asserts that the blame for the client's grievance should rest on that man, rather than himself.

Based on the above, the Investigative Panel issued a Notice of Discipline charging Whatley with violations of Rules 1.15, 5.3, 5.4 and 5.5 of Bar Rule 4-102 (d) in his handling of the client's matter. The

Investigative Panel concluded that although Whatley has been subject to no prior disciplinary proceedings, disbarment would be the appropriate disciplinary sanction for him. The Panel noted in aggravation that, based on the allegations contained in his untimely response to the Notice of Investigation, Whatley appears to have engaged in a pattern of misconduct; that he has displayed a cavalier and arrogant attitude toward these proceedings; and that he does not appear to understand his obligations under the Bar Rules. Whatley acknowledged service of the Notice of Discipline but failed to timely file a Notice of Rejection. He therefore is in default; has no right to an evidentiary hearing; and is subject to such discipline and further proceedings as may be determined by this Court, see Bar Rule 4-208.1 (b).

Under these circumstances, we agree with the findings of the Investigative Panel and find that disbarment is the appropriate discipline for Whatley's violations of Rules 1.15, 5.3, 5.4 and 5.5 of Bar Rule 4-102 (d). Accordingly, we find that John Clark Whatley VI should be, and hereby is, disbarred and order that his name be stricken from the rolls of attorneys licensed to practice law in this state. He is reminded of his obligations under Bar Rule 4-219 (c).

*Disbarred. All the Justices concur.*

DECIDED NOVEMBER 7, 2005.

*William P. Smith III, General Counsel State Bar, Paula K. Frederick, Deputy General Counsel State Bar*, for State Bar of Georgia.